NG 645 Madison Ave LLC v Vanguard Constr. & Dev. Co., Inc. (2025 NY Slip Op 03283)

NG 645 Madison Ave LLC v Vanguard Constr. & Dev. Co., Inc.

2025 NY Slip Op 03283

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 158495/19, 595954/19, 595759/21|Appeal No. 4506|Case No. 2024-02428|

[*1]Leonel Lopez, Plaintiff-Respondent,
v
NG 645 Madison Ave LLC, et al., Defendants-Respondents-Appellants.

NG 645 Madison Ave LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Vanguard Construction & Development Co., Inc., Third-Party Defendant, Real Plumbing Corp., Third-Party Defendant-Respondent.

NG 645 Madison Ave LLC, et al., Second Third-Party Plaintiffs- Respondents-Appellants,
v
Zerem Electric Corp., Second Third-Party Defendant-Appellant-Respondent.

Gallo Vitucci Klar, New York (Sara R. David of counsel), for appellant-respondent.
Litchfield Cavo LLP, New York (Lyndsey Caldwell of counsel), for respondents-appellants.
The Perecman Firm, PLLC, New York (Adam Hurwitz of counsel), for Leonel Lopez, respondent.
Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for Real Plumbing Corp., respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 14, 2024, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim, granted third-party defendant Real Plumbing Corp.'s (R-Plumbing) motion for summary judgment dismissing the third-party complaint and all cross-claims against it, denied Zerem Electric Corp's (Zerem) motion for summary judgment dismissing the second third-party complaint and all cross-claims against it, and denied the branches of NG 645 Madison Ave LLC and BLR Madison (NG/BLR) joint motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim against it, summary judgment on it cross-claims against R-Pluming for contractual indemnity and breach of an insurance procurement provision, and summary judgment on its cross-claims against Zerem for common-law indemnity and breach of an insurance procurement provision, unanimously modified, to grant Zerem's motion to the extent of dismissing NG/BLR's second third-party claim for contractual indemnification against Zerem, and otherwise affirmed, without costs.
Plaintiff laborer was directed by his employer, the general contractor, to cut away and remove marked objects in the ceiling to make room for a temporary sprinkler system to be installed by subcontractor R-Plumbing when his electric Sawzall came into contact with an electrical bus, which powered the building's chillers. As a result, a sudden electrical explosion, which knocked plaintiff from his ladder, caused plaintiff to suffer burns in the explosion.
Prior to the work, R-Plumbing accompanied the general contractor to learn where the anchors for the temporary sprinkler would be placed. The general contractor instructed R-Plumbing's worker to mark the objects in the ceiling that the general contractor identified as requiring removal, and one of those objects was the electrical bus. The general contractor's supervisor had not previously seen an electrical bus and was unfamiliar with them. The general contractor testified that the day before accident, he had been informed that the power was shut off to the work area in question, but other evidence indicated that the electrical bus was separately controlled by another switch in a different basement room.
There was evidence to indicate that Zerem, the electrical subcontractor hired by the general contractor, was working on the premises at the time, but in a different location. The purchase order for Zerem's electrical services stated that Zerem would "provide all disconnects and safe offs for removals by others." Zerem's representative at deposition testified he was told that the lone Zerem employee at the project site was not alerted as to the need to cut power to the work area where plaintiff was conducting demolition work.
Plaintiff was properly granted partial summary judgment on his Labor Law § 241(6) claim for electrical hazard predicated on violations of 12 NYCRR [*2]23-1.13(b)(1), (3) and (4). These sections require appropriate inspection of electrical systems in a work zone, precautionary steps to be taken around power equipment, including de-energizing such equipment, and the placement of warning signs where appropriate to alert as to electrical hazards present. The facts of the case demonstrate NG/BLR's failure to abide by the safety measures called for in 12 NYCRR 23-1.13(b)(1), (3), and (4), and such failures constituted a proximate cause of plaintiff's injuries.
NG/BLR's argument that they could not be found to have violated the Industrial Code provisions identified because they never received formal written notice from a contractor as to the need to cut power to the fourth floor where plaintiff was injured (including power to the electrical bus that was controlled by a separate switch), and it was a policy of the building to require such a notice, is unavailing (see Leonard v City of New York, 216 AD3d 51, 55-56 [1st Dept 2023]). Here, plaintiff's accident was caused by negligence of the parties responsible for not having cut power to the electrical box, if not negligence by the general contractor in directing that the electrical bus be cut away from the ceiling area.
The court properly granted R-Plumbing's motion for summary judgment dismissing the third-party complaint against it, as the evidence that R-Plumbing had marked the electrical bus for demolition was done at the direction of the general contractor, and R-Plumbing's contracted plumbing responsibilities were remote in relation to the actual cause of the accident, particularly where the plumbing subcontract expressly excepted both electrical and demolition work from its responsibilities (see e.g. DeGidio v City of New York, 176 AD3d 452, 454 [1st Dept 2019], lv dismissed in part, denied in part 35 NY3d 963 [2020]). Accordingly, the motion court correctly determined that the causes of plaintiff's injuries were remote from the work R-Plumbing performed and that the subcontract's indemnification language, albeit broad, was not triggered.
Furthermore, NG/BLR offered insufficient evidence that R-Plumbing was a proximate cause of plaintiff's injury, undermining their third-party claims for contribution or common-law indemnity (see Shelton v Chelsea Piers, L.P., 214 AD3d 490, 490-491 [1st Dept 2023]). R-Plumbing's alleged breach of the insurance procurement provision would be academic.
The court properly found triable issues as to whether Zerem was nonnegligent in the cause of plaintiff's electrical accident so as to preclude a grant of NG/BLR 's motion for summary judgment against Zerem on their second third-party claim for common-law indemnification and to preclude a grant of Zerem's motion for summary judgment dismissing the second third-party claims and all cross-claims against it. However, NG/BLR's second third-party claim for contractual indemnification from Zerem is dismissed as there was no agreement whereby Zerem obligated itself [*3]to indemnify NG/BLR for liability arising in connection with its work (see Astrakan v City of New York, 184 AD3d 444, 445-446 [1st Dept 2020]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025